**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

AKOSUA AAEBO-AKHAN,

    Plaintiff,

    v.

KANSAS VITAL STATISTICS *et al.*,

    Defendants.

Case No. 25-2544-TC-ADM

**REPORT AND RECOMMENDATION**

Plaintiff Akosua Aaebo-Akhan ("plaintiff") brings this action against Kansas Vital Statistics, Janai Reed, Marc L. Resnick, and Kimberly Clark (collectively, "defendants"). The court previously granted plaintiff leave to proceed *in forma pauperis* ("IFP"), but directed the U.S. Marshals Service to withhold service of process until the court screened the complaint for merit under 28 U.S.C. § 1915(e)(2)(B). (ECF 7.) As discussed in further detail below, upon screening, the court now recommends that the district judge dismiss plaintiff's complaint.

## I.    LEGAL STANDARDS

When a plaintiff proceeds IFP, the court may screen the complaint under § 1915(e)(2)(B). The court must dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

Dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard that applies to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In reviewing a pro se complaint, the court construes her pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys." *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court does not "assume the role of advocate for the pro se litigant," crafting legal theories for the plaintiff or supplying factual allegations to support the plaintiff's claims. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

## II.    ANALYSIS

Plaintiff has filed four total cases in this court: Case Nos. 25-2500, 25-2502, 25-2506, and 25-2544. The court dismissed her complaint in Case No. 25-2500 and entered judgment against her on January 16, 2026. (Case No. 25-2500, ECF 31, 32.)[1] In her current complaint, the first ten pages appear to be a partial copy of the court's form civil complaint, but nothing of substance is alleged therein other than the parties' names and plaintiff's jurisdictional grounds. (ECF 1.)

---

[1] Plaintiff has appealed the judgment to the Tenth Circuit. (Case No. 25-2500, ECF 33.)

Several pages are blank.  (*Id*.)  The next 30 pages are handwritten and difficult to decipher, and she attaches a one-page exhibit that is her driver's license.  (ECF 1-1, 1-2.)  All the court can tell is that plaintiff appears to allege similar facts as her complaint in Case No. 25-2500—namely, that plaintiff is a lifelong victim of sex and human trafficking having been human trafficked since birth due to meeting specific indigenous Akan American genetic criteria by the sex and human traffickers who refer to themselves as the white Jewish mafia, that she and her children fathered by Kwesi Akhan are still victims of sex and human trafficking, and that her intellectual property was stolen.  (ECF 1-1.)  Plaintiff also appears to allege that her sex and human traffickers use fraudulent birth certificates to enslave indigenous Akan Americans.  (ECF 1-1, at  7-8.)

Plaintiff's complaint, which is 40 pages long, does not satisfy basic pleading standards.  A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8.  "Each allegation must be simple, concise, and direct."  *Id.* at Rule 8(d)(1).  This is not a floor but "a ceiling (the complaint must be no more than 'a short and plain statement')."  *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (citing *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).  Only a "generalized statement of the facts" is "permissible."  *Id*.  Failure to comply with these pleading requirements can result in dismissal sua sponte.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 and n.2 (2007) ("And, to be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.").  While pro se pleadings are construed liberally, a pro se plaintiff must follow the Federal Rules of Civil Procedure, including Rule 8.  *See Windsor v. Colorado Dep't of Corr*., 9 F. App'x 967, 969 (10th Cir. 2001).

A complaint has two purposes: to provide the opposing parties fair notice of the claims against them and to allow a court to determine whether a plaintiff is entitled to relief. *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989). A complaint that is unnecessarily long and includes "a morass of irrelevancies" thwarts this basic purpose. *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017). Here, plaintiff's complaint is so lengthy and indecipherable that it does not provide fair notice of what causes of action she is asserting against the named defendants. Nor can the court determine whether plaintiff is entitled to the relief she seeks. Her complaint appears to be largely duplicative of her prior case that the court dismissed. (*See* Case No. 25-2500, ECF 1, 25, 31.) So, for the same reasons the court dismissed her claims in that case, they are likely also subject to dismissal in this one. But because the complaint is so lengthy and indecipherable, the court cannot discern any way in which her complaint is somehow distinguishable from the reasons the court dismissed her prior case or meaningfully distinguishable from the two other cases plaintiff has filed in this court. All of this unquestionably thwarts the purposes of notice pleading and fails to comply with Federal Rule of Civil Procedure 8. The court therefore recommends that the district judge dismiss the complaint for failure to comply with Rule 8(a).

## III.    CONCLUSION

For these reasons, the court recommends that the district judge dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because plaintiff's complaint fails to comply with Rule 8(a) and therefore fails to state a claim on which relief may be granted.

*   *   *   *   *

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), and D. KAN. RULE 72.1.4(b), plaintiff may file written objections to this Report and Recommendation within fourteen days after

4

being served with a copy.  If plaintiff fails to file objections within the fourteen-day period, no appellate review of the factual and legal determinations in this Report and Recommendation will be allowed by any court.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that plaintiff's complaint be dismissed for the reasons set forth above.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Report and Recommendation to plaintiff via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated June 1, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge