In The United States District Court of Kansas

5500 State Avenue, Kansas City, KS 66101

**FILED**
**U.S. District Court**
**District of Kansas**
06/13/2026

**Clerk, U.S. District Court**
**By:** MSB **Deputy Clerk**

AKOSUA AAEBO-AKHAN

      Petitioneress

vs.                                  Case No.25CV2544

KANSAS VITAL STATISTICS, ET AL.

      Defendants

## RESPONSE TO COURT REPORT & RECOMMENDATION

COMES NOW, Pro Se Petitioneress Akosua Aaebo-Akhan, to file this Response To Court Report & Recommendation, and states;

## TABLE OF AUTHORITIES

Rule Of Law, United States Constitution, First Amendment, Fourteenth Amendment, Doe vs. Burke, 91 A.3d 1031 (D.C. 2014), Morissette v. United States: 342 U.S. 246 (1952), Lawlor v. National Screen Service Corp., 349 U.S. 322 (1955), 42 U.S.C. § 1983, 18 U.S.C. §1201, 18 U.S.C. § 1512, 42 U.S. Code § 3617, USC § 240.15c1-2, 18 U.S. Code § 641, 18 U.S. Code § 1581, 18 U.S. Code §1584, 18 U.S. Code § 1589, 18 U.S. Code § 1591, 18 U.S. Code § 1592 , 18 U.S. Code § 1593A, 18 U.S. Code § 1595, 18 U.S. Code § 2255, 28 U.S. Code § 5001, 18 U.S. Code §1341, 18 U.S. Code § 1021, 18 U.S. Code § 1028A, 26 U.S. Code §7201, 18 U.S. Code §1031, K.S.A 12-520, 18 U.S.C. § 3771, 18 U.S. Code §4241, 18 U.S.C. § 10607(c), 34 U.S.C. §20711, 18 U.S.C. Chapter 113B Section 2331, Palermo Protocol, The Trafficking Victims Protection Act of 2000 (TVPA), The Trafficking Victims Protection Reauthorization Act of 2003 (TVPRA 2003), Trafficking Victims Protection Reauthorization Act of 2005, The William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, The Trafficking Victims Protection Reauthorization Act of 2013 (TVPRA 2013), The Justice for Victims of Trafficking Act of 2015 (JVTA), The Trafficking Victims Protection Act of 2017, The Trafficking Victims Protection Act of 2017, Trafficking Victims Protection Reauthorization Act of 2017, The Frederick Douglass Trafficking Victims Prevention and Protection Reauthorization Act of 2018, The Victims' Rights and Restitution Act (VRRA), Mandatory Victims Restitution Act (MVRA), Kanza Treaty of 1825, Kanza Treaty of 1846, Kanza Treaty of 1859, K.S.A. 79, K.S.A. 80, the treaty agreement executed

between the United States and Cherokee Nation on July 19, 1866, US Treaty With The Seminole Nation (March 21, 1866), the Kaw Nation Removal Act by Congress on May 8, 1872, Curtis Act of 1898, Bosone Bill (1953), Supreme Court McGIRT v. OKLAHOMA No. 18–9526, Supreme Court Cherokee Nation v. Georgia, 30 U.S. (5Pet) 1 (1831), Supreme Court Worcester v. Georgia, 31 U.S. 515 (1832), Kansas Supreme Court No. 119,536 -  In the Matter of the Parentage of W.L. and G.L., By and Through M.S., Appellant, and E.L., Appellee, New York - People v. Solomon Gedney (March 1, 1828), *Doe v. Burke*, 91 A.3d 1031 (D.C. 2014), Supreme Court - Hunt v. Rousmnanier's Administrators, 21 U.S. 174 (1823), Supreme Court - Donaldson, 422 U.S. 563 (1975), Supreme Court - 15:1293 Matal v. Tam (formerly Lee v. Tam), Supreme Court - 15-577 Trinity Lutheran Church of Columbia, Inc. v. Comer, Supreme Court - 15-577 Trinity Lutheran Church of Columbia, Inc. v. Comer,  Gertz v. Robert Welch, Inc., 418 U. S. 323, 418 U. S. 342, 345, 351-352 (1974), Henderson v. United States, 632 A.2d 419, 426 (D.C. 1993), Supreme Court - Jackson v. Birmingham Bd. of Educ., United States District For The Middle District Of Pennsylvania - United States v. Ciavarella,  Supreme Court - Burlington & Quincy Railroad Co. v. City of Chicago, 166 U.S. 226 (1897), Lawlor v. National Screen Service Corp., 349 U.S. 322 (1955), Supreme Court: Students For Fair Admissions, Inc. v. President And Fellows of Harvard College (No. 20-1199), State of Florida vs. Gloria Williams (In the Circuit Court of the Fourth Judicial Court 2017-CF-000539, and Duval County Florida), State of New York vs. Annugetta Pettway (Manhattan Federal Court), Lacks v. Thermo Fisher Scientific Inc., 1:21-cv-02524, Diagnostic and Statistical Manual of Mental Disorders (DSM-5-TR), Crawford v. Washington | 541 U.S. 36 (2004).


**RELATED CASES**

Supreme Court Case No. 23-6173

City of Grandview, Missouri vs. Tynisha Latrice Reinerio (2 separate cases)

16th Circuit Court of Jackson County, Missouri Case No. 0816-FC08998

16th Circuit Court of Jackson County, Missouri Case No. 0816-FC08998-01

16th Circuit Court of Jackson County, Missouri Case No. 1416-CV01310

16th Circuit Court of Jackson County, Missouri Case No. 1416-CV25296

16th Circuit Court of Jackson County, Missouri Case No. <u>1416-CV26405</u>

16th Circuit Court of Jackson County, Missouri Case No. 1516-CV21867

16th Circuit Court of Jackson County, Missouri Case No. <u>1616-CV15218</u>

16th Circuit Court of Jackson County, Missouri Case No. 1616-CV21720

16th Circuit Court of Jackson County, Missouri Case No. 1716-CV23430

Johnson County, Kansas Court Case No. 94CV00987

Johnson County, Kansas Court Case No.12CV006797

Johnson County, Kansas Court Case No. 12CV07937

Johnson County, Kansas Court Case No. 16CV04034

Johnson County, Kansas Court Case No. 18CV01118

Johnson County, Kansas Court Case No.18LA11532

Merriam (Kansas) Municipal Court Case No. CR-2016-0023474

29th Judicial District of Wyandotte County, Kansas Case No. 2019PR350

29th Judicial District of Wyandotte County, Kansas Case Tynisha L. Moore vs. Robert Charles Meyer (1999)

Superior Court of the District of Columbia Case No. 2021 ASO 000504

Superior Court of the District of Columbia Case No. 2022 CCC 000037

Superior Court of the District of Columbia Case No. 2022 CA 004697 B

Superior Court of the District of Columbia Case No. 2022-CAB-005078

Superior Court of the District of Columbia Case No. 2022-CA-004874-B

Superior Court of the District of Columbia Case No. 2023 CCC 000046

Superior Court of the District of Columbia Case No. 2024 MHE 001439

Superior Court of the District of Columbia Case No. 2025 CCC 000043

Superior Court of the District of Columbia Case No. 2025 CCC 000010

Superior Court of the District of Columbia Case No. 2025 CCC 000016

District of Columbia Court of Appeals Case No. 23-CV-327

District of Columbia Court of Appeals Case No. 23-CV-864

District of Columbia Court of Appeals Cases 23CT0916

District of Columbia Court of Appeals Cases 25FM279

District of Columbia Court of Appeals Cases 25FM0168

Kansas District Court Case No. 2:20-CV-02295-EFM-JPO

Kansas District Court Case No. 2:20-CV-02296-EFM-JPO

Kansas District Court Case No. 25MJ5064

United States District Court For The Western District of Missouri Case No. 4:15-CV-161

United States District Court For The Western District of Missouri Case No. 4:17-CV-947

United States District Court For The District of Columbia Case No. 22-3812 (TSC)

United States Court of Appeals For the Eighth Circuit Case No. 17-3120

United States Court of Appeals For the Eighth Circuit Case No. 18-3311

United States Court of Appeals for the Tenth Circuit Case No. 21-3136

Johnson County, Kansas Court Case Petition For Writ of Certiorari Request To Review Merriam (Kansas) Municipal Court Case No. CR-2016-0023474

**TRAFFICKING VICTIM PROTECTION ACT OBJECTIONS**

According to the Trafficking Victims Protection Act (TVPA), Congress officially designates human trafficking as a "**contemporary manifestation of slavery**".

According to the US Supreme Court's ruling in United States v. Kozminski forms the legal foundation for prosecuting labor trafficking as **a form of constitutional slavery**.

Petitioneress alleges DNA evidence in this pleading proves she and her surviving fraternal Twin Sons fathered by Kwesi Akhan have been victims of sex and human trafficking; **i.e. slavery**, since birth.

Petitioneress alleges DNA evidence in this pleading can easily be used to prove her firstborn Son fathered by Kwesi Akhan spent his entire life a victim of sex and human trafficking; **i.e. slavery**, until white jewish mafia traffickers murdered Him by decapitation on October 21, 2019 @ 6:28AM.

Petitioneress alleges DNA evidence in this pleading serves as justification for the court order protective and restitutive measures outlined in 34 U.S.C. §20711, The Thirteenth Amendment, The Justice for Victims of Trafficking Act of 2015 (JVTA), Trafficking Victims Protection Reauthorization Act of 2017, The Frederick Douglass Trafficking Victims Prevention and Protection Reauthorization Act of 2018, The Victims' Rights and Restitution Act (VRRA), and Mandatory Victims Restitution Act (MVRA) to ensure Petitioneress and her fraternal Twin Sons fathered by Kwesi Akhan escape sex and human trafficking; **i.e. slavery**, once and for all. And Petitioneress' pending DNA test results being processed by AncestryDNA, located at 1300 West Traverse Parkway, Lehi, Utah 84043, to confirm or deny if Petitioneress is related to its Esther Jean Ross' niece and deceased customer of AncestryDNA; Camille Moore-Johnson, who became a member of AncestryDNA on August 17, 2019, identified her number of family (tree) members as 4, and identified her location as Olathe, Kansas.

And the good news is DC Attorney General Office, i.e. Assistant Attorney General Sarah Connell, who has prosecuted five malicious prosecution cases against Petitioneress already; DC Superior Court Cases; 2022 CCC 000037, 2023 CCC 000046, 2025 CCC 000043, 2025 CCC 000010, and 2025 CCC 000016, has one additional malicious prosecution cases pending against Petitioneress; DC Superior Court Case 2026 CCC 000013, can easily cross reference said AncestryDNA test results with the DNA specimen US Marshals Service collected from Petitioneress on April 8, 2025 in conjunction with the illegal bench warrant warrant issued by Judge Sean

Staples in DC Superior Court Cases; 2025 CCC 000043, 2025 CCC 000010, and 2025 CCC 000016 for failure to appear, which would have required traveling from Kansas City to DC with less than 48 hours service notice from the court and the court ignored Petitioneress' request for a continuance and/or to attend remotely. And to resolve any question as to whether the Camille Moore-Johnson is the maternal niece of Esther Jean Ross, below is the website link to Camille Moore-Johnson's funeral services, which features Esther Jean Ross as a primary singer and speaker at said funeral services, and reiterates Camille Moore-Johnson's date of birth January 1977 and date of death February 2022.

Camille Moore-Johnson's Funeral:

https://www.youtube.com/live/y7ArUyHm-nU?si=zFuoxsfNFqTG060h

The fact that former white jewish mafia trafficker; Camille Moore-Johnson, was the maternal niece of Esther Jean Ross, daughter of Esther Jean Ross' sister; Mozella Mabon. This is a critical fact because for decades, Esther Jean Ross has been refusing to participate in maternity DNA testing to prove she is not a white jewish mafia trafficker fraudulently listed as mother on Petitioneress' Kansas birth certificate, and to date is still fraudulently posing as Petitioneress' mother and fraudulently posing as the grandmother of Petitioneress' Children.

Nonetheless, Petitioneress alleges that she recently registered for an AncestryDNA member account and a new AncestryDNA test kit (Activation Code: J9A-7B4D-5X9S-8K3P) at https://www.ancestry.com to prove she is not related to the sex and human traffickers fraudulently listed on her Kansas birth certificates; Esther Jean Ross and deceased Timothy Bruce Moore. While awaiting the test results stemming from the specimen Petitioneress provided for the aforementioned AncestryDNA test kit, Petitioneress has used the AncestryDNA platform to create her family tree. See Exhibits.

Petitioneress then used the names of her relatives from my AncestryDNA family tree to secure proof of her direct DNA lineage from her Father; Asafohene (Warrior King) Kojo Akhan (Legal Name: Julius Herman Foster), consisting of an identical direct 4th cousin match to James Foster, Sr. according to her 2016 Family Tree DNA Kit Number A4493 match results at https://www.familytreedna.com/. Moreover, Petitioneress then used the names of her relatives from my AncestryDNA family tree to secure proof of her direct DNA lineage from her Mother; Ohemma (Queen) Akua Aaebo (Legal Name: Erma Jean Harriet Whitlow Foster), consisting of an identical direct 3rd-5th cousin match to Kenneth Whitlow according to her 2016 Family Tree DNA Kit Number A4493 match results at https://www.familytreedna.com/. Said evidence irrefutably proved that

Petitioneress has been telling the truth the whole time and is not related to Esther Jean Ross or Timothy Bruce Moore because her Parents are Ohemma (Queen) Akua Aaebo (Legal Name: Erma Jean Harriet Whitlow Foster) and Asafohene (Warrior King) Kojo Akhan (Legal Name: Julius Herman Foster. See Exhibits.

Although, Assistant Attorney General Sarah Connell and the DC Attorney General Office will likely maintain their four year tradition of ignoring Petitioneress' affirmative defense and request for the investigation of her sex and human trafficking allegations, Petitioneress' requested DC Attorney General Office order a one hour investigation to verify said evidence so the fraudulent criminal contempt charges against Petitioneress in DC Superior Court Case 2026 CCC 000014 can be dismissed, and Petitioneress and Petitioneress' Children fathered by Kwesi Akhan can officially be free from sex and human trafficking. Although Petitioneress has several more relatives that she is in the process of using as further evidence of her sex and human trafficking allegations, said evidence  also be sufficient to justify ordering Kwesi Akhan to take a paternity test.

## THE COURT'S REPORT & RECOMMENDATION IS PREJUDICIAL

The Court Report & Recommendations dated May 13, 2026 is prejudicial because it permits unmerited previous court orders and unverified hearsay to perpetuate slavery, religious discrimination, and condones a non existent judicial exception to the burden of proof that judges, prosecutors, government agencies, and mental health professionals must adhere to according to state and federal statutory laws and evidence codes (FRCP), and US Constitution (Due Process) constitutional laws that wholly apply in both civil and criminal cases. The fact that Petitioneress does not have the financial means to obtain copies of the full transcript of all the court hearings she references, and copies of all of the court filings by the Defendants in DC Superior Court six criminal cases and two civil cases against Petitioneress, does not excuse the court from its responsibility to acknowledge that each of the Defendants failed to meet their judicial burden of proof responsibilities.

**4 CFR § 28.61 - Burden and degree of proof.**
(a) In appealable actions, as defined by 5 U.S.C. 7701(a), agency action must be sustained by the Board if:

(1) It is a performance-based action and is supported by substantial evidence; or

(2) It is brought under any other provision of law, rule, or regulation as defined by 5 U.S.C. 7701(a) and is supported by a preponderance of evidence.

(b) Notwithstanding paragraph (a) of this section, the agency's decision shall not be sustained if the Petitioneress:

(1) Shows harmful error in the application of the agency's procedures in arriving at such decision;

(2) Shows that the decision was based on any prohibited personnel practice described in 4 CFR 2.5; or

(3) Shows that the decision was not in accordance with law.

(c) In any other action within the Board's jurisdiction, the Petitioneress shall have the responsibility of presenting the evidence in support of the action and shall have the burden of proving the allegations of the appeal by a preponderance of the evidence.

(d) Definitions. For purposes of this section, the following definitions shall apply:

Harmful error means error by the agency in the application of its procedures which, in the absence or cure of the error, might have caused the agency to reach a conclusion different from the one reached.

Preponderance of the evidence means that degree of relevant evidence which a reasonable person, considering the record as a whole, would accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true.

Substantial evidence means that degree of relevant evidence which a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. This is a lower standard of proof than preponderance of the evidence.

[58 FR 61992, Nov. 23, 1993, as amended at 68 FR 69302, Dec. 12, 2003]

**JUNE 12, 2026 INSTAGRAM POST BY KWESI AKHAN**

The court has judicial responsibility to hear Petitioneress' appeal because unless the court proves/disproves Petitioneress' victim of sex and human trafficking allegations.. all of Petitioneress' social, familial, judicial and

professionally aspirations will be perpetually destroyed by the below post by Kwesi Akhan, who has over a million subscribers on his social media platforms and has won multiple awards as a filmmaker, who just recently officially launched his own film festival, Kankye Film Festival, scheduled to take place on November 7, 2026 in Washington, DC.

Noting that Petitioneress' professional career included employment by multiple Fortune 500 companies and compensation of over $37 despite her lacking a college degree because of her exceptional project management skills. And meaning not only will it continue to be able impossible to secure a living wage to provide for herself, but place Petitioneress in jeopardy of having any future Children she bears seized by Department of Children & Family Services due to her sex and human trafficking allegations, in jeopardy of being denied visitation with any Grandchildren that her Children bear due to her sex and human trafficking allegations, in jeopardy of being denied security clearance requirements that her project management profession requires for large scale capital projects, and her adult Children will continue to want absolutely nothing to do with her.. All when the only thing standing in the way of preventing this cruel and unusual punishment outcome is the court ordering irrefutable evidence in the form of a maternity test, that Petitioneress is legally entitled to request Petitioneress and Esther Jean Ross participate in because she is listed as "mother" on Petitioneress' Kansas birth certificate, which would either ensure Petitioneress is able to receive the mental health professionals no longer have to guess regarding her mental health diagnosis (which has changed three multiple times in 24 months) Petitioneress needs based up prove that her sex and human trafficking allegations being proven to be hallucinations that render her indebted to the complaining witness and other defendants AND/OR ensure her sex and human trafficking allegations being proven to be truthful that render the complaining witness and defendants indebted to Petitioneress for long overdue restitution and exoneration.

"odwirafo
 Edited•12h
STALKER UPDATE: WARNING ON CONTACT

This is the mugshot from last year of the mentally ill individual who has been stalking me for the past 8 years. It has been in the court system for 5 years. I have been before a judge over 30 times. She has violated every court order and been incarcerated 5 times in the past three years.

This mugshot is from last March, when she fled DC to hide out in Kansas and was caught by the US Marshals.

Well this March 30th, she had an arraignment for new criminal charges and she, once again, did not show up. A bench warrant for her arrest was issued that day. She is on the run as we speak. This time, there is no bond. Once she's caught she goes straight to jail until trial.

It is only a matter of time before she is apprehended.

The fact that she has been on one hand, hiding from law enforcement since March 30th and on the other hand sending the court multiple emails and frivolous filings, is actually a good thing. The longer she plays that game, the more harsh her sentence will be when she is caught.

They have been unnecessarily lenient with her over the past couple of years. However, there is a new judge on the case. He is the one who issued the no bond warrant. Her thumbing her nose at the court by openly defying court orders will lead her to receiving a full 2.5 year sentence instead of 180 days plus probation. So actually, it works better.

Warning: Beware if she tries to contact you. She is known to reach out to anyone that she has ever seen me interact with attempting to develop some form of business/working relationship. She is 100% fraudulent, a pathological liar and criminal.

We have had individuals from different cities across the country informing us that she reached out to them trying to scam.

We are working through the set of frivolous filings she has made on the superior court, appellate court and Supreme Court levels. As usual, she always loses.

While we have lost hundreds of hours dealing with this case, I am still on track to complete my new AKRADINBOSOM book this month.

No real or purported obstacle will ever stop our forward movement.

Order now: http://odwirafo.square.site"

**FACTUAL ALLEGATIONS AGAINST KANSAS VITAL STATISTICS**

Petitioneress alleges that Kansas Vital Statistics s guilty of administrative fraud and obstruction of justice according 34 U.S.C. §20711, The Thirteenth Amendment, The Justice for Victims of Trafficking Act of 2015 (JVTA), Trafficking Victims Protection Reauthorization Act of 2017, The Frederick Douglass Trafficking Victims Prevention and Protection Reauthorization Act of 2018, The Victims' Rights and Restitution Act (VRRA), Mandatory Victims Restitution Act (MVRA). Kansas Vital Statistics illegally and fraudulently issued a birth certificate to Esther Jean Ross without verifying if she is Petitioneress' biological mother, and said birth certificate has been and continues to be used to grant Esther Jean Ross authority regarding legal matters concerning Pettioneress and Petitioneress' Children that have triggered irreparable physical, spiritual, mental, and emotional harm. It is from this legal context that for nearly seven years Petitioneress has been requesting Kansas Vital Statistics provid proof that Esther Jean Ross is Petitioneress' biological mother.

**FACTUAL ALLEGATIONS AGAINST JANAI REED**

Petitioneress alleges that Janai Reed is guilty of ineffective counsel, judicial misconduct, and obstruction of justice according 34 U.S.C. §20711, The Thirteenth Amendment, The Justice for Victims of Trafficking Act of 2015 (JVTA), Trafficking Victims Protection Reauthorization Act of 2017, The Frederick Douglass Trafficking Victims Prevention and Protection Reauthorization Act of 2018, The Victims' Rights and Restitution Act (VRRA), Mandatory Victims Restitution Act (MVRA). Janai Reed denied Petitioneress due process by refusing to acknowledge thousands of pages of evidence Petitioneress cited, exploiting her role as DC Superior Court public defender, and to compensate for her unwillingness to do due diligence and justify her corresponding unmerited fraudulent yet substantiated by DC Department of Behavioral Health, belief that Petitioneress was incompetent.

Petitioneress contends that the moment Petitioneress communicated to Janai Reed that Petitioneress victim of sex and human trafficking allegations and allegations that Esther Jean Ross is not Petitioneress' biological mother despite being fraudulently listed as such on Petitioneress' Kansas birth certificate, that Kwesi Akhan is the biological Father of all of Petitioneress' Children has, and served as justification for DC Forensics and DC Superior Court declaring Petitioneress incompetent, mentally ill, and guilty criminal contempt for violating a stalking order, Janai Reed  had a legal responsibility to contact the prosecuting attorney to determine if any evidence had been or would be presented to disprove or substantiate said allegations, including personally watching and/or listening to and demanding the court watch and/or listen to videos of each of the previous competency exams DC Forensics conducted with Petitioneress. This would have at the very least proven the

evaluators had found Petitioneress competent during each competency evaluation apart from disbelief their disbelief of her allegations and religious beliefs, and most likely prevented her refusing to oppose Petitioneress being wrongfully labeled incompetent. Janai Reed 's refusal to review the dialogue exchanged during Petitioneress' competency evaluations evidences why sex and human trafficking is a Black epidemic that traffickers can depend on her to help them perpetuate.

Janai Reed  failed to fulfill her judicial burden of proof responsibility as public defender in the criminal case against Petitioneress by failing to acknowledge and include Petitioneress' victim of sex and human trafficking allegations in any of her oral or written pleadings, to acknowledge and include the well known name and history of Petitioneress' Nduru (Hoodoo) religion in any of her oral or written pleadings, despite Petitioneress clarifying to her that the term Nduru  translates as Hoodoo in english because both Petitioneress. And even after Petitioneress explained the psychologist and psychiatrist that testified as expert witnesses at Petitioneress' Jackson hearing in DC Superior Court Case 2024 MHE 1439 on August 15, 2024 confirmed that Petitioneress' religion was authentic and did not stem from hallucinations rooted in mental illness versus merited and verifiable facts, Janai Reed reiterated she believed Petitioneress was mentally ill and would be strictly representing her from that perspective.

Petitioneress alleges that Janai Reed's refusal and failure to file a Motion To Dismiss or request a Probable Cause Hearing in support of Petitioneress' pleading of necessity as an affirmative defense due to Petitioneress alleging she is/was a victim of sex and human trafficking under duress, and the Wife and Mother of the Children of Kwesi Akhan is/was judicial misconduct that ultimately prevented Petitioneress' case from being  being scheduled for trial, considering no evidence was presented to the contrary by Sarah Connell, the complaining witness'; Kwesi Akhan, nor any expert or non expert witness. Thus Janai Reed's used Petitioneress' mental health misdiagnosis a justification for using all of her meeting time with Petitioneress patronizing Petitioneress by asking Petitioneress the same question over and over "What are your goals?" and saying "I want to do whatever you want me to do".. while refusing to agree to file any of the documents and evidence Petitioneress asked her to file instead of simply admitting she has/had a Black inferiority complex that makes her desperate for praise from white people; including DC Superior Court Judge Sean Staples and Assistant Attorney General Sarah Connell. So much so that Janai Reed chose to adopt their racist and prejudicial allegiance to white judaism and white jewish people to serve as justification to silence Petitioneress as an "antisemitic" Black woman who adheres to a "lesser" Black religion. Moreover, Janai Reed's failure to take a action to investigate Petitioneress' DNA evidence that Petitioneress is not related to the traffickers fraudulently listed as parents in her Kansas birth certificate, which inherently would have expedited the freedom from sex and human

trafficking of Petitioneress' and Petitioneress' Children fathered by Kwesi Akhan, evidences why sex and human trafficking is a Black epidemic that traffickers can depend on Janai Reed to help them perpetuate.

**FACTUAL ALLEGATIONS AGAINST MARK RESNICK**

Petitioneress alleges that Mark Resnick is guilty of ineffective counsel, and obstruction of justice according 34 U.S.C. §20711, The Thirteenth Amendment, The Justice for Victims of Trafficking Act of 2015 (JVTA), Trafficking Victims Protection Reauthorization Act of 2017, The Frederick Douglass Trafficking Victims Prevention and Protection Reauthorization Act of 2018, The Victims' Rights and Restitution Act (VRRA), Mandatory Victims Restitution Act (MVRA). Mark Resnick was made aware that Petitioneress' religious beliefs prevented him from serving as her counsel the same day he notified Petitioneress that he had been wrongfully appointed to represent her. Yet Mark Resnick waited a month, just days before Petitioneress scheduled Jackson's hearing to withdraw. This not only left newly appointed counsel inadequate time represent Petitioneress at said hearing, Petitioneress also suffered documented food poisoning from an allergic reaction to mushrooms while simultaneously being detained. The end result is that because St. Elizabeths Hospital's dietician refuses to accommodate Petitioneress' food allergies, and Petitioneress was served minced mushrooms on twelve subsequent occasions thereafter, Petitioneress lost her opportunity to have said Jackson hearing and was forced into accepting a motion for dismissal by the DC DBH that Petitioneress was not even permitted to read or contest before the case was dismissed, despite said motion declaring Petitioneress mentally ill without a psychiatric or psychological evaluation in the previous nine months.

**FACTUAL ALLEGATIONS AGAINST KIMBERLY CLARK**

Petitioneress alleges that Kimberly Clark is guilty of ineffective counsel, judicial misconduct, and obstruction of justice according 34 U.S.C. §20711, The Thirteenth Amendment, The Justice for Victims of Trafficking Act of 2015 (JVTA), Trafficking Victims Protection Reauthorization Act of 2017, The Frederick Douglass Trafficking Victims Prevention and Protection Reauthorization Act of 2018, The Victims' Rights and Restitution Act (VRRA), Mandatory Victims Restitution Act (MVRA). Kimberly Clark denied Petitioneress due process by refusing to acknowledge thousands of pages of evidence Petitioneress cited, exploiting her role as DC Superior Court public defender, and to compensate for her unwillingness to do due diligence and justify her corresponding unmerited fraudulent yet substantiated by DC Department of Behavioral Health, belief that Petitioneress was incompetent.

Petitioneress contends that the moment Petitioneress communicated to Kimberly Clark that Petitioneress victim of sex and human trafficking allegations and allegations that Esther Jean Ross is not Petitioneress' biological

mother despite being fraudulently listed as such on Petitioneress' Kansas birth certificate, that Kwesi Akhan is the biological Father of all of Petitioneress' Children has, and served as justification for DC Forensics and DC Superior Court declaring Petitioneress incompetent, mentally ill, and guilty criminal contempt for violating a stalking order, Kimberly Clark had a legal responsibility to contact the prosecuting attorney to determine if any evidence had been or would be presented to disprove or substantiate said allegations, including personally watching and/or listening to and demanding the court watch and/or listen to videos of each of the previous competency exams DC Forensics conducted with Petitioneress. This would have at the very least proven the evaluators had found Petitioneress competent during each competency evaluation apart from disbelief their disbelief of her allegations and religious beliefs, and most likely prevented her refusing to oppose Petitioneress being wrongfully labeled incompetent. Kimberly Clark's refusal to review the dialogue exchanged during Petitioneress' competency evaluations evidences why sex and human trafficking is a Black epidemic that traffickers can depend on her to help them perpetuate. Moreover, Kimberly Clark rendered Petitioneress homeless by refusing to provide New Endeavors By Women a copy of the full hearing court transcript of her August 15,  2024 Jackson hearing in which the court declared Petitioneress did not need medication, because New Endeavors By Women cancelled Petitioneress' lease agreement for failure to take legally prescribed medication.

Kimberly Clark  failed to fulfill her judicial burden of proof responsibility as public defender in the criminal case against Petitioneress by failing to acknowledge and include Petitioneress' victim of sex and human trafficking allegations in any of her oral or written pleadings, to acknowledge and include the well known name and history of Petitioneress' Nduru (Hoodoo) religion in any of her oral or written pleadings, despite Petitioneress clarifying to her that the term Nduru  translates as Hoodoo in english because both Petitioneress. And even after Petitioneress explained the psychologist and psychiatrist that testified as expert witnesses at Petitioneress' Jackson hearing in DC Superior Court Case 2024 MHE 1439 on August 15, 2024 confirmed that Petitioneress' religion was authentic and did not stem from hallucinations rooted in mental illness versus merited and verifiable facts, Kimberly Clark reiterated she believed Petitioneress was mentally ill and would be strictly representing her from that perspective.

Petitioneress alleges that Kimberely Clark's refusal and failure to file a Motion To Dismiss or request a Probable Cause Hearing in support of Petitioneress' pleading of necessity as an affirmative defense due to Petitioneress alleging she is/was a victim of sex and human trafficking under duress, and the Wife and Mother of the Children of Kwesi Akhan is/was judicial misconduct that ultimately prevented Petitioneress' case from being  being scheduled for trial, considering no evidence was presented to the contrary by Sarah Connell, the

complaining witness'; Kwesi Akhan, nor any expert or non expert witness. Thus Kimberly Clark's used Petitioneress' mental health misdiagnosis a justification for using all of her meeting time with Petitioneress patronizing Petitioneress by asking Petitioneress the same question over and over "What are your goals?" and saying "I want to do whatever you want me to do".. while refusing to agree to file any of the documents and evidence Petitioneress asked her to file instead of simply admitting she has/had a Black inferiority complex that makes her desperate for praise from white people; including DC Superior Court Judge Sean Staples and Assistant Attorney General Sarah Connell. So much so that Kimberly Clark chose to adopt their racist and prejudicial allegiance to white judaism and white jewish people to serve as justification to silence Petitioneress as an "antisemitic" Black woman who adheres to a "lesser" Black religion. Moreover, Kimberly Clark's failure to take a action to investigate Petitioneress' DNA evidence that Petitioneress is not related to the traffickers fraudulently listed as parents in her Kansas birth certificate, which inherently would have expedited the freedom from sex and human trafficking of Petitioneress' and Petitioneress' Children fathered by Kwesi Akhan, evidences why sex and human trafficking is a Black epidemic that traffickers can depend on Kimberly Clark to help them perpetuate.

Petitioneress received falsified AncestryDNA test results after the extraction and examination of what clearly was not her submitted AncestryDNA (Activation Code: J9A-7B4D-5X9S-8K3P) specimen. The reason being that said AncestryDNA test results somehow **accurately** reflect that Petitioneress is the daughter of Erma Jean Harriet Whitlow Foster and Julius Herman Foster, while simultaneously **falsely** reflecting that Petitioneress is also the daughter of Esther Jean Ross and Timothy Bruce Moore. The overlap of conflicting Family Tree DNA matches and AncestryDNA matches is elucidated in that Petitioneress has already submitted Family Tree DNA test results evidence to the court proving her direct maternal and paternal relative to Erma Jean Harriet Whitlow Foster and Julius Herman Foster, yet her newly released AncestryDNA test results allege only two of the five same direct maternal and paternal relatives to Erma Jean Harriet Whitlow Foster and Julius Herman Foster, plus several alleged direct maternal and paternal relatives to Esther Jean Ross and Timothy Bruce Moore.

Petitioneress also alleges it is a both critical and relevant fact in conjunction with Apellantess' allegations that she remains a victim of lifelong, international, and intergenerational sex and human trafficking by the white jewish mafia (who also refer to themselves as Cherokee Indians), attempting to escape and remain free from sex and human trafficking with my Children fathered by Kwesi Akhan, in that 1) AncestryDNA is owned by the global private equity firm Blackstone Inc., 2) Blackstone Inc. is a publicly traded, multinational alternative investment firm founded in 1985 by Stephen Schwarzman and Peter Peterson, 3) Billionaire investor and Blackstone co-founder Stephen A. Schwarzman was raised in a Jewish family in Huntingdon Valley,

Pennsylvania. His Jewish heritage and grandfather's philanthropic connection to Israel deeply influenced his upbringing and business trajectory, and 4) Peter G. Peterson, the co-founder of Blackstone Inc., was the son of immigrants from southern Greece While his religious or cultural background was Greek-American, his philanthropic and professional circles extensively intersected with Jewish organizations. He received the American Jewish Congress' Stephen Wise Award and was active on the board of United Hatzalah of Israel.

**BURDEN OF PROOF RULES**

Petitioneress brings the court's attention that its decision in this case must been founded upon "clear and convincing evidence" because it will greatly determine the outcome of all of Petitioneress future social, familial, judicial and professional aspirations, as well as the rulings in the criminal contempt DC Superior Court Case 2026 CCC 000013 case against Petitioneress that Petitioneress is pleading necessity (trafficking victim) as an affirmative defense because DC Superior Court has been refusing to order the aforementioned maternity test for Petitioneress and Esther Jean Ross for over four years despite litigating five other identical criminal cases against Petitioneress for the same alleged crime and with the same asserted plea.

- **Constitutional Standard:** The Supreme Court ruled in *In re Winship* (397 U.S. 358) that the Due Process Clause of the Constitution requires the prosecution to prove every element of a criminal offense beyond a reasonable doubt.

- **Evidentiary Standard:** Under *Jackson v. Virginia*, any rational trier of fact (such as a jury) must be convinced of the defendant's guilt to a very high degree of certainty based on the evidence presented.

- **The "Elements" of the Crime:** Prosecutors must prove all necessary statutory components beyond a reasonable doubt. For example, in forced labor or sex trafficking cases, the government must prove not only the act itself but also the *mens rea* (criminal intent) and the use of threats, force, or coercion as required by federal statute (e.g., 18 U.S.C. § 1589) and interpreted in United States v. Kozminski.

- **Affirmative Defenses:** While the prosecution's overall burden never shifts, if a defendant raises certain affirmative defenses (such as being coerced or acting under duress), the procedural rules can vary by jurisdiction. In some state-level cases, once the defense produces evidence of being trafficked, prosecutors may be tasked with proving beyond a reasonable doubt that the defense does not apply.

- **Appellate Review:** If a defendant is convicted, federal appellate courts must evaluate the trial record to ensure there was legally sufficient evidence for a rational jury to reach a guilty verdict beyond a reasonable doubt.

The U.S. Supreme Court establishes the Preponderance of the evidence as the default burden of proof in civil litigation. However, the Court recognizes three primary exceptions where a heightened standard (such as "clear and convincing evidence" or "beyond a reasonable doubt") is required:

- **Statutory Directives:** If a specific law expressly dictates a higher standard of proof for a particular claim or affirmative defense.
- **Constitutional Requirements:** When the U.S. Constitution mandates a higher burden of proof to protect fundamental rights, such as in cases involving involuntary civil commitment or the termination of parental rights.
- **Unusual Coercive State Action:** Rare "uncommon" cases where the government seeks to impose unusual, highly stigmatizing, or severe coercive penalties on an individual (e.g., denaturalization or revoking citizenship).

**WHEREFORE,** Petitioneress requests the court 1) acknowledge that none of Petitioneress' have been legally disproved to date, 2) acknowledge that Petitioneress received falsified and conflicting AncestryDNA test results after the extraction and examination of what clearly was not her submitted AncestryDNA (Activation Code: J9A-7B4D-5X9S-8K3P) specimen, 3) order Petitioneress and Esther Jean Ross participate in a maternity DNA test conducted by an AABB-accredited laboratory using a strict, documented "chain-of-custody" collection process to prevent further mishandling of DNA specimen(s) and falsification of DNA test result(s) that proves Petitioneress is not related to Esther Jean Ross, 4) reach a merited decision that does not impose judicial misconduct and obstruction of justice that negates Petitioneress's victim rights, and the victim rights of her Children fathered by Kwesi Akhan, according to 4 U.S.C. §20711, The Thirteenth Amendment, The Justice for Victims of Trafficking Act of 2015 (JVTA), Trafficking Victims Protection Reauthorization Act of 2017, The Frederick Douglass Trafficking Victims Prevention and Protection Reauthorization Act of 2018, The Victims' Rights and Restitution Act (VRRA), and Mandatory Victims Restitution Act (MVRA).

**DISCLAIMER: Petitioneress did the very best she could to elucidate her factual allegations in a manner the meets the the legal standards of 28 U.S.C. § 1915(e)(2)(B), considering she did/does not have access to a copy of the Civil Petition Complaint under scrutiny.**

/s/

Akosua Aaebo-Akhan

No Mailing Address

Email Address: akosua.aaebo@yahoo.com

Petitioneress

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day June, 2026, that the above and foregoing document was deposited in the U.S. mail, postage prepaid, and addressed to:


Kansas Vital Statistics

1000 SW Jackson Street #120

Topeka, KS 66612

Defendant


Janai Reed

419 7th Street NW

Suite 405

Washington, DC 20004

Defendant & DC Public Defender


Marc L. Resnick

717 D Street NW

Suite 400

Washington, DC 20004


Kimberly Clark

633 3rd Street NW

Washington, DC 20001