IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AKOSUA AAEBO-AKHAN,

Plaintiff,

v.                                                                    Case No.  25-2544-JWB

KANSAS VITAL STATISTICS, et al.,

Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objection (Doc. 31) to Magistrate Judge Angel Mitchell's Report and Recommendation ("R&R") (Doc. 29) recommending that the court dismiss this matter.  For the reasons stated herein, the court ADOPTS the R&R, OVERRULES Plaintiff's objection, and DISMISSES the complaint.

**I.      Facts**

Plaintiff is proceeding pro se and in forma pauperis.  Plaintiff has filed four total cases in this court: Case Nos. 25-2500, 25-2502, 25-2506, and 25-2544.  The court dismissed her complaint in all cases but this one and she has appealed in all of those matters to the Tenth Circuit.  As in her other three cases, Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915(e)(2)(B) and Magistrate Judge Mitchell recommended that the complaint be dismissed for failing to comply with Federal Rule of Civil Procedure 8(a).  Her complaint in this case is 40 pages long and 10 pages are on the court's standard form.  The form, however, does little to identify the nature of her claims and facts alleged.  Rather, Plaintiff has attached 30 handwritten pages that are very difficult to decipher.  As with her other cases, Plaintiff cites to numerous cases from the District of Columbia that have been ongoing, most of which are criminal cases against her.  (Doc. 1-1 at 1.)

1

She then makes allegations similar to her other cases about being a victim of sex trafficking. Plaintiff alleges that she was trafficked by members of the white Jewish mafia and that her and her children, who were allegedly fathered by Kwesi Akhan, are still victims of sex trafficking. Plaintiff also asserts that the traffickers, who are not defendants in this action, stole her intellectual property which includes "the first fully operative & sustainable cellphone watch," Google Fiber products, and "the entire contact flow simulator" used by AT&T. (*Id.* at 13–14.) Further, most of the allegations in the complaint appear to be copied from the allegations in her other cases. She alleges that Public Defender Kimberly Clark provided ineffective assistance of counsel in one of the criminal cases filed in 2024 in the District of Columbia in that she took "bribes to silence" Plaintiff's allegations of sex trafficking. (*Id.* at 25.) Pages 28 and 30 of Plaintiff's complaint are entirely illegible and appear to have alterations to the text from a photocopy machine. Plaintiff's complaint does not appear to be complete as the last page ends in the middle of a sentence and the next page is mostly blank and the words cannot be read. (*Id.* at 29–30.)

Magistrate Judge Mitchell recommends dismissal of the complaint on the basis that it fails to comply with Rule 8(a). Plaintiff filed a response to the R&R which the court construes as an objection.

## II.    Standard

R&R Standard of Review.  On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir.

2

1996)).  When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

Pro Se Party.  Because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *Yang v. Archuleta,* 525 F.3d 925, 927, n. 1 (10th Cir. 2008).  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on her behalf.  *Id.*

III.    **Analysis**

Federal Rule of Civil Procedure 8(a) provides a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Each allegation must be simple, concise, and direct."  Rule 8(d)(1).  Significantly, Rule 8(a) does not establish a floor but "a ceiling (the complaint must be *no more* than 'a short and plain statement')."  *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007).  Only a "generalized statement of the facts" is "*permissible*."  *Id.*  Failure to comply with these pleading requirements can result in dismissal sua sponte.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 and n. 2 (10th Cir. 2007).

A complaint has two purposes: to provide the opposing parties fair notice of the claims against them and to allow a court to determine whether a plaintiff is entitled to relief.  *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989).  These purposes are thwarted when a complaint is unnecessarily long and includes "a morass of irrelevancies."  *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007)).

Plaintiff's complaint does not comply with Rule 8. As noted by Magistrate Judge Mitchell, "Plaintiff's complaint is so lengthy and indecipherable that it does not provide fair notice of what causes of action she is asserting against the named defendants." (Doc. 29 at 4.) Further, Plaintiff's complaint cannot be read in certain places and it is clearly incomplete. Plaintiff's complaint also includes extraordinary allegations about Plaintiff's alleged sex trafficking and intellectual property theft which do not appear to be related to her allegations against the named parties. Therefore, the court finds that Plaintiff has failed to comply with Rule 8(a) and her complaint should be dismissed without prejudice.

Reviewing her objection, it appears that Plaintiff is attempting to put forth additional facts and arguments in support of her claims. Plaintiff's objection, however, contains three pages of citations to statutes, treaties, and case citations. (Doc. 39 at 1–3.) The court does not understand the purpose of this list of citations and it appears that Plaintiff continues to copy this list from other filings in prior cases. If Plaintiff intends to state claims against Defendants under all of these statutes, she has wholly failed to identify facts that would provide a cause of action as to all of these statutes. In addition, some of the statutes are criminal statutes and they do not provide a private right of action. Plaintiff's objection, like her complaint, is difficult to follow. Plaintiff's gripe with the Kansas Vital Statistics, which is an agency under the Kansas Department of Health, appears to be related to her birth certificate. That agency, however, is an arm of the state and would be entitled to sovereign immunity. *See Milsap v. Kan. Dep't of Health & Env't*, No. 22-4050-JWB, 2023 WL 3002444, at *3 (D. Kan. Apr. 19, 2023); *see also* 28 U.S.C. § 1915(e)(2)(B). With respect to the remaining Defendants, Plaintiff asserts that their conduct in District of Columbia court proceedings violated her rights. It is clear from Plaintiff's filings that these proceedings are ongoing. While the court is not clear what her claims encompass as to these

Defendants because her complaint is so difficult to understand, it is likely that her claims would be subject to dismissal under the *Younger* abstention doctrine. Further, it is clear from the complaint that the individual Defendants would not be subject to personal jurisdiction in this court. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (court can consider these defenses sua sponte when it is clear from pleadings that Plaintiff cannot allege facts to support personal jurisdiction or venue). All of the conduct complained about by these actors occurred in the District of Columbia and they are citizens of that District and Maryland. Therefore, this court lacks personal jurisdiction over them.

**IV.    Conclusion**

Accordingly, the court ADOPTS the R&R (Doc. 29), OVERRULES Plaintiff's objection (Doc. 31), and DISMISSES the complaint without prejudice.

IT IS SO ORDERED. Dated this 22nd day of July, 2026.


s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE