**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 21, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AKOSUA AAEBO-AKHAN,

Plaintiff - Appellant,

v.

KANSAS VITAL STATISTICS; JANAI REED; MARC L. RESNICK; KIMBERLY CLARK,

Defendants - Appellees.

No. 26-3171
(D.C. No. 2:25-CV-02544-JWB-ADM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PHILLIPS**, **KELLY**, and **FEDERICO**, Circuit Judges.[**]

---

Plaintiff-Appellant Ms. Aaebo-Akhan, proceeding pro se and in forma pauperis (IFP),[1] appeals from the district court's dismissal of her complaint without prejudice against Defendants-Appellees Kansas Vital Statistics, Janai Reed, Marc L. Resnick, and Kimberly Clark.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] The district court granted IFP status to Ms. Aaebo-Akhan. R. 905. That grant carries over to this appeal. See Fed. R. App. P. 24(a)(3).

The proceeding underlying the instant appeal is similar in nature to previous suits filed by Ms. Aaebo-Akhan in and dismissed by the district court and affirmed by this court. R. 949; see, e.g., Aaebo-Akhan v. D.C. Dep't of Behav. Health, No. 25-2506-JWB-ADM, 2026 WL 1773212 (D. Kan. May 13, 2026), report and recommendation adopted., No. 25-2506-JWB, 2026 WL 1648992 (D. Kan. June 8, 2026), aff'd sub nom. Aaebo-Akhan v. Connell, No. 26-3124, 2026 WL 2333124 (10th Cir. Aug. 12, 2026). These suits pertain to Ms. Aaebo-Akhan's allegations that she is a victim of sex and human trafficking and concern proceedings in other courts. Connell, 2026 WL 2333124, at *1–2. In her lengthy, handwritten complaint filed in the suit underlying this appeal, she makes similar claims. R. 6–46, 906–07, 949–50.

On screening pursuant to 28 U.S.C. § 1915(e)(2)(B), a magistrate judge issued a report and recommendation (R&R) that the district court dismiss Ms. Aaebo-Akhan's complaint because it did not comply with Rule 8's pleading requirements, to which Ms. Aaebo-Akhan objected. Id. at 905–08, 949–50. The district court adopted the R&R and dismissed the operative complaint for failure to comply with Rule 8. Id. at 952. It also observed that (1) Ms. Aaebo-Akhan likely failed to state a claim upon which relief could be granted, (2) Kansas Vital Statistics would be subject to sovereign immunity, (3) her allegations pertaining to ongoing proceedings in the District of Columbia would be barred by Younger abstention, and (4) it lacked personal jurisdiction over the individual Defendants because the complained-of conduct occurred in the District of Columbia and Defendants are citizens of the District of Columbia and Maryland. Id. at 952–53.

We would review a district court's dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo. See Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). We would likewise review dismissal on sovereign immunity grounds, on Younger abstention grounds, and for failure to state a claim de novo. See Hennessey v. Univ. of Kan. Hosp. Auth., 53 F.4th 516, 527 (10th Cir. 2022) (sovereign immunity); Courthouse News Serv. v. N.M. Admin. Off. of Cts., 53 F.4th 1245, 1254 (10th Cir. 2022) (Younger abstention); Spinelli v. Coherus Biosciences, Inc., 167 F.4th 1274, 1279 (10th Cir. 2026) (failure to state a claim). Where the district court has determined that the complaint fails to comply with Rule 8, we review for an abuse of discretion. See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007). Regardless of the standard of review, the dismissal must be affirmed.

As an initial matter, we note that both the district court's memorandum and order and subsequent judgment (entered the same day) dismissed only the complaint and not the action. R. 953–54. A dismissal of the complaint alone is not a final order and is not ordinarily appealable. Moya v. Schollenbarger, 465 F.3d 444, 448–49 (10th Cir. 2006). However, we take a practical approach to finality, looking at the language and legal basis of the dismissal and the attendant circumstances to determine the court's intent. Id. at 449–50; Spinelli, 167 F.4th at 1279 n.2. We conclude that the district court intended a final judgment dismissing both the complaint and action and that we have jurisdiction. Still, we reiterate that it is best practice for courts to avoid ambiguity by entering judgment dismissing the action in its entirety (if so intended) when so required by Rule 58. See Spinelli, 167 F.4th at 1279 n.2.

Turning to Ms. Aaebo-Akhan's contentions on appeal, we have reviewed the record, including the operative complaint, the magistrate judge's R&R, and the district court's memorandum and order. We will affirm the dismissal for substantially the same reasons given by the district court.

AFFIRMED. All pending motions are denied as moot.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge